## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHESTER WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  12-0754 (EGS) |
| | ) | |
| ERIC D. WILSON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on respondent's motion to dismiss the petition for a writ of habeas corpus filed by Chester Wright.  The motion will be granted.

## I.  BACKGROUND

"On October 7, 1991, District of Columbia Corrections Officer Ronald Richardson was scheduled to testify at the criminal trial of Michael Page in the Superior Court.  As he prepared to leave his home to go to court that day, Richardson was shot and killed in his driveway." *Wright v. United States*, 979 A.2d 26, 28 (D.C. 2009).  "On June 29, 1992, . . . Wright [was] charged in a ten-count indictment with, *inter alia,* the premeditated murder of . . . Ronald Richardson."  *United States v. Hammond*, 681 A.2d 1140, 1141-42 (D.C. 1996) (footnote omitted).[1]  A jury found Wright guilty of multiple criminal offenses, *see* Mem. in Supp. of Pet. for Writ of Habeas Corpus ("Pet.") at 1, and on March 21, 1997, Wright was sentenced to an aggregate term of 28 1/3 years to life in prison.  *Id*. at 2.  On August 11, 2005, the District of

---

[1]      "Wright and four co-defendants were charged with conspiracy, . . . premeditated murder while armed . . . , and a variety of related crimes."  Mem. in Supp. of Pet. for Writ of Habeas Corpus at 1.  The co-defendants were Navarro Hammond, Terrence Pleasant, Michael Page and Bradley Sweet. *See Sweet v. United States*, 756 A.2d 366, 368 n.1 (D.C. 2000).  "Three co-defendants were severed for various reasons, and . . . Wright and . . . Navarro Hammond[] were tried together in January 1997."  *Wright*, 979 A.2d at 28.

Columbia Court of Appeals affirmed the convictions on direct appeal, "remanding only to vacate the judgment as to certain merged offenses." *Wright*, 979 A.2d at 20; *see Hammond v. United States*, 880 A.2d 1066 (D.C. 2005). Wright was resentenced on February 28, 2006, Pet. at 2, and on June 5, 2006, the Supreme Court of the United States denied his petition for a writ of certiorari. *See Wright v. United States*, 547 U.S. 1184 (2006).

Meanwhile, "[i]n January 1997, shortly after his trial ended, [Wright] filed a *pro se* 'motion to arrest judgment,' and later he also filed a § 23-110 motion, alleging ineffective assistance of counsel."[2] *Wright*, 979 A.2d at 29; Pet. at 2. After Wright obtained counsel, he filed an amended motion alleging prosecutorial misconduct and ineffective assistance of trial counsel. *See Wright*, 979 A.2d at 29. The Superior Court denied the motion on July 18, 2006, after having conducted an evidentiary hearing. Pet. at 2; *see* Resp't's Mot. to Dismiss Pet'r's Pet. for Writ of Habeas Corpus ("Resp't's Mot."), Ex. 1 at 2. Wright's second § 23-110 motion, filed on March 19, 2007, alleged "that the prosecutor had withheld material, exculpatory evidence under *Brady v. Maryland*[, 373 U.S. 83 (1963)]." *Wright*, 979 A.2d at 29. The Superior Court denied the motion on June 29, 2007 without a hearing. *See id.*; Resp't's Mot., Ex. 1 at 1. Wright appealed the denial of both § 23-110 motions, and on August 27, 2009, the Court of Appeals affirmed both rulings. *Wright*, 979 A.2d at 28. Its mandate issued on December 29, 2009. Resp't's Mot., Ex. 3 at 2.

Wright's previous efforts to obtain habeas relief in federal district court were unsuccessful. *See Wright v. Stansberry*, 759 F. Supp. 2d 49 (D.D.C. 2011), *appeal dismissed*,

---

[2]     "A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence." D.C. Code § 23-110(a).

No. 11-5046, 2011 WL 2618210 (D.C. Cir. June 24, 2011) (per curiam); *Wright v. Stansberry*,

677 F. Supp. 2d 286 (D.D.C. 2010).  Wright filed the instant petition on May 8, 2012.

## II.  DISCUSSION

Wright files this petition under 28 U.S.C. § 2254, *see* Pet. at 3, pursuant to which a

federal district court may "entertain an application for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a State court . . . ."  28 U.S.C. § 2254(a).  "A 1-

year period of limitation shall apply to an application for a writ of habeas corpus by a person in

custody pursuant of the judgment of a State court," and the limitation period runs from the latest

of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Because the limitation period is not

jurisdictional, it "is subject to equitable tolling," *Holland v. Florida,* __U.S.__, 130 S. Ct. 2549,

2560 (2010), where the petitioner demonstrates "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, 130 S. Ct. at 2562 (citation and internal quotation marks omitted).

Respondent moves to dismiss the petition on the ground that it is time-barred. *See generally* Resp't's Mot. at 4-8. Wright's convictions became final on June 5, 2006, the date on which the Supreme Court of the United States denied his petition for a writ of certiorari. By respondent's calculation, the one-year limitations period was tolled on two occasions before its expiration on or about March 17, 2010:

> Absent further litigation and tolling, then, petitioner's deadline for filing the instant habeas petition would have been on or about June 5, 2007. However, on March 19, 2007, petitioner filed his second collateral attack in D.C. Superior Court. That date is 287 days after the date that his conviction became final on June 5, 2006. Hence, when petitioner filed his second collateral attack, 287 days had run on his 1 year . . . time clock. The filing of his second collateral attack motion tolled that 1-year clock, leaving him with 78 days to file a habeas petition once the tolling ended. On June 27, 2007, the trial court denied the second collateral attack. Petitioner's appeal of the denial of that second collateral attack was affirmed by the D.C. Court of Appeals on August 27, 2009. The mandate issued on December 29, 2009. Thus, the one-year filing clock began running again on December 29, 2009. Accordingly, 78 days later, or on or about March 17, 2010, petitioner's time for filing his habeas petition expired.

Resp't's Mot. at 7 (internal citations to the record omitted). He argues that, by filing the instant petition "more than two years after his conviction became final, [Wright's] petition is time-barred and should be dismissed." *Id.* at 4.

Wright responds first by arguing that § 2244(d)(1) does not apply. *See* Traverse in Resp. Pursuant to Gov't's Mot. to Dismiss Pet'r's Peti. for Writ of Habeas Corpus ("Pet'r's Opp'n") at 3. He is mistaken. A "conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law," and a challenge to a Superior Court

conviction is "properly brought under 28 U.S.C. § 2254." *Smith v. United States*, No. 00-5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000) (per curiam); *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122 (D.D.C. 2011) (construing habeas petition "as though it were filed under § 2254, given the clear weight of authority" that a prisoner serving a sentence pursuant to Superior Court judgment must seek habeas relief under § 2254); *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court."); *cf. Madley v. U.S. Parole Comm'n,* 278 F.3d 1306, 1308-09 (D.C. Cir. 2002) (holding that District of Columbia courts are deemed to be state courts for purposes of 28 U.S.C. § 2253).  The limitation period for the filing of a petition under § 2254 is set forth in § 2244, and Wright thus is subject to its one-year limitation period.

Next Wright argues that, because the "issue is the same as the first [§] 2254 motion that was filed on December 29, 2009," the instant petition "[t]herefore is not barred."  Pet'r's Opp'n at 2.  Presumably Wright is referring to *Wright v. Stansberry*, No. 09-2433 (D.D.C. filed Dec. 29, 2009), and arguing that the instant petition "relates back" and that its filing before the expiration of the limitations period on March 17, 2010 is timely.  He offers no legal authority to support this argument, however.  Furthermore, review of the earlier petition reflects that the issues raised previously pertained only to the alleged ineffective assistance of *trial* counsel and other trial errors – matters which actually were, or could have been, raised on direct appeal to the Court of Appeals or in a § 23-110 motion in the Superior Court.  His current claim – ineffective assistance of appellate counsel – is nowhere mentioned in the earlier petition.

Finally, Wright contends that "under the circumstances equitable tolling does apply" because he "clearly have [sic] diligently pursued his rights and [his] filing [is] not late as the

Government claims." Pet'r's Opp'n at 3. Review of Wright's post-conviction litigation history reflects diligence on his part, yet he fails to demonstrate the existence of extraordinary circumstances which would have prevented a timely filing of the instant petition.

Petitioner's motion was not timely filed and, therefore, respondent's motion to dismiss will be granted. *See Hatch v. Jett*, 847 F. Supp. 2d 88, 95 (D.D.C. 2012) (dismissing § 2254 petition filed approximately 18 months after limitations period expired, "[e]ven accounting for the periods during which the limitations period was tolled").

An Order accompanies this Memorandum Opinion.

Signed:        EMMET G. SULLIVAN
               United States District Judge

Dated:         March 12, 2013